UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHNA REDDY,<br><br>        Plaintiff,<br><br>v.<br><br>MEDQUIST, INC., *et al.*,<br><br>        Defendants. | Civil No. 09cv1325-L(BLM)<br><br>**ORDER**<br>**(1) GRANTING DEFENDANTS' MEDQUIST, INC. AND CBAY SYSTEMS HOLDINGS LIMITED MOTION TO DISMISS;**<br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANT STEPHEN H. RUSCKOWSKI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND JOINDER IN DEFENDANTS' MEDQUIST INC. AND CBAY SYSTEMS HOLDINGS LIMITED MOTION TO DISMISS; AND**<br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANT KONINKLIJKE PHILIPS ELECTRONICS N.V.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2), (3), (4), (5) AND (6)** |

    In this action arising from an employment relationship, four Defendants filed motions to dismiss. Defendants MedQuist, Inc. ("MedQuist") and CBay Systems Holdings Limited ("CBay") filed a motion to dismiss based on res judicata, improper venue and failure to state a claim upon which relief can be granted. Defendant Stephen H. Rusckowski joined in MedQuist's and CBay's motion and independently moved to dismiss for lack of personal jurisdiction. Defendant Koninklijke Philips Electronics N.V. of the Netherlands ("Philips") also

joined in MedQuist's and CBay's motion, and independently moved to dismiss based on improper service of process and lack of personal jurisdiction. Plaintiff, appearing *pro se*, opposed all motions.[1] For the reasons which follow, the motion filed by MedQuist and CBay is **GRANTED**. All claims asserted against these Defendants are **DISMISSED** based on res judicata. The motions filed by Philips and Mr. Rusckowski are **GRANTED** to the extent the court finds that venue is not properly laid in this district. The case is **TRANSFERRED** to the United States District Court for the Central District of California. In all other respects, the motions filed by Philips and Mr. Rusckowski are **DENIED WITHOUT PREJUDICE** to reasserting their remaining grounds for dismissal in the transferee district.

   Plaintiff was employed as a medical transcriptionist by several employers, some of which were acquired by MedQuist during the course of Plaintiff's employment. Among other things, Plaintiff alleges that she was paid by the line of transcription, however, MedQuist unilaterally increased the number of characters or keystrokes necessary to constitute a line, in effect reducing Plaintiff's pay without her consent. Plaintiff alleges that by applying different standards for what constituted a "line" for purposes of compensating the transcriptionists (longer line) as opposed to billing clients (shorter line), MedQuist was able to maximize its profits. It used these profits to acquire several medical transcription businesses, and introduced the same profitability scheme at each business it acquired. Philips and MedQuist allegedly created the program which enabled the under-compensation of transcriptionists by requiring more keystrokes or characters per line. Plaintiff alleges that Philips, MedQuist and other Defendants conspired in the scheme to underpay transcriptionists and overcharge clients for transcription services, among other things.

   Plaintiff alleges claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* and state law claims for civil conspiracy,

---

[1] Plaintiff styled her responses to the motions filed by MedQuist and CBay on one hand and Mr. Rusckowski on the other hand as "memorandum of points and authorities in support of cross-motion in opposition" to the motions. Because Plaintiff did not comply with Civil Local Rule 7.1 pertaining to motions, these pleadings are construed as oppositions rather than motions.

fraud and deceit; breach of contract and covenant of good faith and fair dealing; interference with employment and economic advantage; and intentional and negligent infliction of emotional distress. This court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1367.

MedQuist and CBay move to dismiss the complaint arguing, among other things, that it is barred by the doctrine of res judicata. In September 2006 Plaintiff filed a complaint in the United States District Court for the District of New Jersey ("New Jersey Action"). (Compl. at 10; Mem. of P.&A. in Supp. of Defs MedQuist and CBay Mot. to Dismiss ("MedQuist P.&A."), Ex. 1 ("New Jersey Complaint").)[2] The New Jersey Complaint alleges the same causes of action based on essentially the same facts against thirteen defendants, all of whom are the same except for CBay and Philips.[3]

On August 1, 2007 the court in the New Jersey Action granted MedQuist's motion to dismiss and dismissed all claims except for breach of contract. (MedQuist P.&A., Ex. 2.) On January 29, 2009 MedQuist's motion for summary judgment was granted. (*Id*. Ex. 3.) On August 4, 2009 all claims asserted against all the remaining defendants were dismissed for failure to serve and the complaint was dismissed in its entirety. (Philips Resubmitted Request for Judicial Notice in Supp. of Its Reply ("Philips Reply Judicial Notice"), Ex. C.)

"The preclusive effect of a federal-court judgment is determined by federal common law," when subject matter jurisdiction in the prior case is based on federal question rather than diversity. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 & n.4 (2008). Subject matter jurisdiction in the New Jersey Action was based on federal question. (New Jersey Complaint at 2.) "Res judicata applies when the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies."

---

[2] The court takes judicial notice of the court file in Krishna Reddy v. MedQuist, Inc. *et al*., civil case no. 06-4410 (RBK/AMD), United States District Court for the District of New Jersey. A matter of public record outside the pleadings may be considered along with the complaint when deciding a motion to dismiss. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

[3] In the New Jersey Action Plaintiff named Royal Philips Electronics of the Netherlands as opposed to Koninklijke Philips Electronics N.V. of the Netherlands.

*Mpoyo v. Litton Elec.-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal quotation marks, ellipsis and citation omitted).

Plaintiff argues that the doctrine of res judicata does not apply because a final judgment on the merits has not been entered in the New Jersey Action. "A judgment is not a final judgment for res judicata purposes if further judicial action by the court rendering the judgment is required to determine the matter litigated." *Russell v. Commissioner of Internal Revenue*, 678 F.2d 782, 786 (9th Cir. 1982). Although the court did not enter a separate document captioned as judgment, "the true state of affairs is more critical than labels." *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2004) (internal quotation marks and brackets omitted). The disposition of all of Plaintiff's claims against MedQuist following a motion to dismiss and summary judgment was final, left nothing else to be decided as to MedQuist and therefore warrants preclusive effect. *See id.* at 686 (summary judgment constitutes final judgment on the merits).

The parties disagree whether Plaintiff's breach of contract claim based on a written contract which was not alleged in the New Jersey Complaint is precluded. Plaintiff alleges that she became aware of the terms of her written employment contract when she was shown a copy during her deposition in the New Jersey Action, which contract she did not have before, and which differed from her recollection of the terms. (Compl. at 6, 10 & Ex. B.) To the extent Plaintiff based her breach of contract claim on the terms of the newly-discovered contract, the New Jersey court declined to adjudicate it, as it was not alleged in the complaint. (MedQuist P.&A., Ex. 3 at 59.)

"The doctrine of claim preclusion bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986) (internal quotation marks, ellipses and citation omitted). Whether the bar should apply in a particular case depends on whether the two actions involve the same claim of cause of action. Four criteria apply to make this determination:

> (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or

>       impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.

*Mpoyo*, 430 F.3d at 987.

In the New Jersey Action Plaintiff sought damages for breach of the same contract as in the instant action. The only difference is that in the New Jersey Complaint Plaintiff relied on her recollection to allege the terms of her compensation, whereas in the instant action she relies on the document itself. (*See* Compl. at 10.)

In *Mpoyo v. Litton Electro-Optical System* a late discovered claim was held precluded by res judicata under analogous circumstances. The plaintiff filed a Title VII action against a former employer. *Mpoyo*, 430 F.3d at 986. After completion of discovery, the plaintiff moved to amend the complaint to add claims under the Fair Labor Standards Act ("FLSA") and the Family and Medical Leave Act ("FMLA"), of which he was unaware when he had filed the complaint initially. *Id*. at 986, 988. The motion for leave to amend was denied and the defendant prevailed on summary judgment. *Id*. at 986. The plaintiff filed a new action alleging the FLSA and FMLA claims which were not included in the prior action, but the new action was dismissed based on res judicata. *Id*. at 986, 989. The dismissal was affirmed on appeal. The court reasoned that "[b]ecause both sets of Mpoyo's claims arise from Litton's conduct while Mpoyo was an employee and specifically from the events leading to his termination, his claims relate to the same set of facts." *Id*. at 987. The court found that the second action arose from the same transaction or series of transactions as the first action, and considered it persuasive in dismissing the second action based on res judicata. *Id*. at 987 & 988.

As in *Mpoyo*, in this case the two breach of contract claims arise out of the same transactional nucleus of facts. Furthermore, the rights and interests established in the New Jersey Action would be destroyed or impaired by prosecution of the instant action against MedQuist, and the two suits involve the infringement of the same right to compensation. While the instant action would include additional evidence, *i.e.*, the written contract, all other evidence of breach would overlap. That additional evidence would be presented in this case does not

/ / / / /

negate res judicata. *See Mpoyo*, 430 F.3d at 987-88 (common nucleus criterion outcome determinative).

Plaintiff asserts she was not aware of the written terms of the contract. However, "ignorance of a party does not avoid the bar of res judicata unless the ignorance was caused by the misrepresentation or concealment of the opposing party." *Id*. at 988 (internal quotation marks, brackets, ellipsis and citation omitted). When Plaintiff filed the New Jersey Action, she knew there was a written contract containing the terms of her compensation. (New Jersey Complaint at 31.) In her opposition, she does not state whether she had ever requested this document before filing the New Jersey Action or in discovery therein, and does not explain why she did not seek leave to amend in the New Jersey Action. She alleges, "I was not aware of the written terms of the contract . . . since MedQuist did not provide me a copy of the executed contract . . .." (Compl. at 10; *see also id.* at 6 ("MedQuist did not provide me with a signed copy of the contract that it had executed during my employment . . ..").) This falls short of misrepresentation or concealment by MedQuist.

"Res judicata relieves parties of the costs and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication. *Mpoyo*, 430 F.3d at 988. (internal quotation marks, brackets and citation omitted). "Permitting . . . later-filed claims to proceed would create incentive for plaintiffs to hold back claims and have a second adjudication." *Id*. at 989. Based on the foregoing, Plaintiff's breach of contract claim is precluded, whether based on her recollection or the document itself.

The parties also disagree whether res judicata precludes asserting claims against CBay, which was not a named defendant in the New Jersey Action. The sole allegation linking CBay to this action is that in or about May 2008, Philips sold its majority stake in MedQuist to CBay. (Compl. at 10.) As a succeeding MedQuist owner, CBay is a privy and has the benefit of res judicata. *See Taylor*, 128 S. Ct. at 2172. Based on the foregoing, all claims asserted against MedQuist and CBay are barred by the doctrine of res judicata and are therefore **DISMISSED**.

As to the remaining Defendants, the New Jersey Action was dismissed based on failure to serve within the time provided by Federal Rule of Civil procedure 4(m). After granting

summary judgment in MedQuist's favor, the court *sua sponte* raised the issue that Plaintiff had not served the remaining defendants within the time provided by Rule 4(m), and set a date by which Plaintiff was to file proofs of service or the case would be dismissed. (MedQuist P.&A., Ex. 3 at 62.) Ultimately, the court found that Plaintiff did not timely serve any of these defendants and dismissed the case without prejudice.[4] Pursuant to Rule 4(m), dismissal for failure to timely serve is without prejudice. A dismissal without prejudice does not constitute final judgment on the merits for purposes of res judicata. *Hells Canyon*, 403 F.3d at 686 ("final judgment on the merits is synonymous with dismissal with prejudice). Accordingly, res judicata does not preclude the claims asserted in this case against Philips[5] or Mr. Rusckowski.

Philips and Mr. Rusckowski object, among other things, to venue in this district pursuant to Federal Rule of Civil Procedure 12(b)(3). Generally, the plaintiff has the burden of showing that venue is properly laid. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Under Rule 12(b)(3), the court may consider facts outside the pleadings. *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). When the evidence is controverted, *i.e.*, when both sides present contradictory evidence, the court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

As it pertains to venue, Plaintiff alleges that in 1992 she worked as a medical transcriptionist for Transcriptions Limited, Inc. at its Culver City branch, which was subsequently acquired by MedQuist. (Compl. at 4.) In 1996, she started working for an

/ / / / /

/ / / / /

---

[4] On February 18, 2009 the court issued an order dismissing the remaining defendants without prejudice because Plaintiff failed timely to file proofs of service. (Krishna Reddy v. MedQuist, Inc. *et al.*, civil case no. 06-4410 (RBK/AMD), D. N.J., docket no. 79.) Having subsequently determined that Plaintiff timely filed proofs of service, on August 4, 2009 the court on its own motion reconsidered the February 18 order. (Philips Reply Judicial Notice, Ex. C at 1.) Upon review of the proofs, however, the court determined that service was not proper as to any of the remaining defendants and declined to alter the February 18 order. (*Id.*) Accordingly, the court dismissed the action in its entirety. (*Id.* at 17.)

[5] Arguably Philips was not named in the New Jersey Action at all. *See* fn. 3 *supra*. Accordingly, there could be no res judicata bar as to Philips on this ground as well.

additional transcription company,[6] which was acquired by the MRC Group. (*Id.*)  The MRC Group was subsequently acquired by MedQuist, which retained some of MRC Group's executives. (*Id.*)  The MRC Group unilaterally reduced the transcriptionists' pay by increasing the number of keystrokes or characters required per line, thus reducing the transcriptionists' pay. (*Id.*)  Because she believed she was not paid as promised and for other reasons, Plaintiff left the MRC Group and started working as a medical transcriptionist for Your Office Genie in Monrovia. (*Id.* at 4.)  Subsequently MedQuist acquired Your Office Genie. (*Id.*)  At that time, Plaintiff was working for Your Office Genie in Monrovia and Transcriptions Limited, Inc. in Culver City, both of which had become MedQuist's branch offices. (*Id.*)  MedQuist required Plaintiff to decide on one branch to work for. (*Id.*)  She selected Your Office Genie, *i.e.*, the Monrovia branch, based on representations about the amount of work and compensation, and entered into a Medical Transcription Contract. (*Id.* & Ex. B.)  As was as the case with the MRC Group, MedQuist unilaterally increased the number of characters or keystrokes required per line at the companies it acquired. (*Id.* at 6.)  At the Monrovia branch, Plaintiff was allegedly harassed and under-compensated. (*Id.* at 7-8.)  When she complained, she was not given any more work and her contract was terminated in September 2003. (*Id.* at 8.)  She applied for and was offered employment at the Culver City/Orange County branch; however, the offer was withdrawn because MedQuist had made her "rehire ineligible," a decision made at the Monrovia branch. (*Id.*)

In December 2003, Plaintiff sent an e-mail to the MedQuist board of directors, stockholders and trustees, notifying them of her intent to sue. (*Id.* at 9.)  The e-mail was addressed to Mr. Rusckowski, among others, at MedQuist's New Jersey address. (Pl.'s Mem. of P.&A. in Supp. of Cross-Mot. in Opp'n to Def. Stephen H. Rusckowski's Mot. to Dismiss ("Pl's Opp'n to Rusckowski"), Ex. A.)  At the same time, Plaintiff filed a complaint with the
/ / / / /

---

[6] Plaintiff does not allege the name or location of this employer.

Department of Labor. (Compl. at 9.)[7] She alleges that the addressees did nothing about her complaints and did not attempt to undo the alleged illegal acts of other Defendants. (*Id*.)

In 2004 Plaintiff started working for another transcription company,[8] which used DocQscribe transcription program. (*Id*. at 9.) Plaintiff discovered that this program was created by MedQuist and Philips, and that it managed the new employer's transcription line counts the same way as it did at MedQuist – by increasing the number of required characters or keystrokes per line. (*Id*.)

Venue in this case is governed by 28 U.S.C. Section 1391(b) and the special venue statute for RICO actions, 18 U.S.C. Section 1965(a). The RICO venue statute is written in permissive rather than restrictive terms:

> Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. §1965(a). "As a general matter, the courts have interpreted special venue provisions to supplement, rather than preempt, general venue statutes." *Go-Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1409 (9th Cir. 1989); *cf. Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 198 (2000) ("permissive special venue statutes supplement, but do not supplant, the general provision"). Neither side contends that the RICO venue statute supplants 28 U.S.C. Section 1391, the general venue statute. Accordingly, 28 U.S.C. Section 1391 provides the following additional options:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). As the RICO venue provision supplements the general venue provision of

/ / / / /

---

[7] Plaintiff does not allege in which district she filed the Department of Labor complaint. It was dismissed in September 2005. (*Id*.)

[8] Plaintiff does not allege the name or location of this employer.

section 1391(b), venue in this district is proper if it is proper under any option provided in either statute.

Mr. Rusckowski is named in the complaint both in his capacity as an agent for MedQuist and in his individual capacity. (Compl. at 1 & 3.) As pertains to venue under 18 U.S.C. Section 1965(a), Plaintiff alleges that he is a Massachusetts resident (*id*. at 3) but otherwise does not allege where he is found, has an agent, or transacts his affairs, and does not provide any additional facts relevant to venue as to Mr. Rusckowski in her opposition papers. Mr. Rusckowski was MedQuist's interim President and CEO from December 2003 to July 2004 and never worked at any MedQuist offices in California. He is a Massachusetts resident who lives and works in Massachusetts and does not regularly visit California. (Decl. of Def. Stephen H. Rusckowski.) Plaintiff does not attempt to controvert this evidence.

As with Mr. Rusckowski, Plaintiff does not allege Philips' residence, where it is found, has an agent, or transacts its affairs. Plaintiff also does not provide any additional relevant facts in her opposition. Philips is a corporation incorporated in the Netherlands with its principal place of business in the Netherlands. (Decl. of Marnix van Ginneken.) It is a holding company with twelve employees, none of whom work in California. (*Id*.) It owned approximately 70 percent of MedQuist stock as a "non-core holding." (Philips Reply Judicial Notice, Ex. A & B (Security and Exchange Commission filings).) Philips has no business dealings or other contacts with California. (Decl. of Marnix van Ginneken.) Plaintiff does not attempt to controvert this evidence.

Accordingly, as to Philips or Mr. Rusckowski, venue in this district is not proper under 18 U.S.C. Section1965(a).[9] Furthermore, as Mr. Rusckowski is a Massachusetts resident, venue in this case is not governed by 28 U.S.C. Section 1391(b)(1).

Under section 1391(b)(2), venue is proper in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff alleged that this district is the proper venue under section 1391(b) because the Medical Transcription Contract

---

[9] To the extent venue may be proper in this district as to any other Defendant, venue as to Philips or Mr. Rusckowski cannot be based solely on their alleged status as co-conspirators. *See Piedmont Label Co.*, 598 F.2d 491.

was executed and performed in California. (Compl. at 2.) California contains four federal judicial districts. 28 U.S.C. § 84. None of the facts alleged in the complaint places a substantial part of the events in this district. Plaintiff alleges that in September 2003 Karen Harness, the Transcription Supervisor at the Culver City/Orange branch, "made arrangements for a new computer for [Plaintiff] to work at home on the accounts of the Culver City/Orange branch." (Compl. at 8.) In her opposition, she offers that Ms. Harness worked out of a San Diego office and that MedQuist has a San Diego office. (Mem. of P.&A. in Supp. of Cross-Mot. in Opp'n to the Def. MedQuist, Inc. and CBay Sys. Holdings Mot. to Dismiss ("Pl.'s Opp'n") at 9.) Even if the court accepted these new facts, which are not alleged in the complaint or included in an affidavit, they do not represent events giving rise to Plaintiff's claims. Plaintiff's communication with Ms. Harness is not an event which gave rise to the claims. The claims arose from Defendants' representations regarding Plaintiff's compensation, the unilateral change in the terms of compensation, and the eventual termination as "rehire ineligible," none of which occurred in this district according to Plaintiff's allegations. Therefore, venue is not proper in this district under section 1391(b)(2).[10]

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). In the interests of justice, the court declines Defendants' invitation to dismiss.

As an alternative to dismissal, MedQuist's motion requests transfer to the District of New Jersey to the extent final adjudication has not been reached in the New Jersey Action, so that the remaining issues could be resolved in the same court.[11] (MedQuist & CBay Reply in Supp. of Mot. to Dismiss ("MedQuist Reply") at 2.) The New Jersey Action was dismissed on August 4, 2009. (Philips Reply Judicial Notice, Ex. C at 1.) Accordingly, the premise of MedQuist's

---

[10] Because venue with respect to Philips and Mr. Rusckowski is not properly laid in this district, the court need not reach their respective contentions that they are not subject to personal jurisdiction in the forum. *See Piedmont Label Co.*, 598 F.2d at 496.

[11] Philips and Mr. Rusckowski joined in MedQuist's motion, however, the suggestion to transfer this action to the District of New Jersey was raised for the first time in MedQuist's reply.

argument – that judicial efficiency would be served if the same court decided what is essentially the remainder of the New Jersey Action – is no longer valid.

The only facts provided by the parties which link this action to the District of New Jersey are that MedQuist is a New Jersey corporation (Compl. at 2; *see also* MedQuist Reply at 4 (MedQuist is headquartered and maintains its principal place of business in New Jersey) and that Plaintiff's December 2003 notice of intent to sue e-mail to the MedQuist board of directors, stockholders and trustees referenced MedQuist's New Jersey address (*Id*. at 9 & Pl.'s Opp'n to Rusckowski, Ex. A).

The implied argument in support of the District of New Jersey is that because the New Jersey Action was brought there, this action could have been brought there as well. However, MedQuist, as a New Jersey corporation, had no reason to object to venue in New Jersey, and the remaining defendants were not served and did not appear. In this action it is irrelevant that venue may be proper in New Jersey as to MedQuist because MedQuist is no longer a party. The argument that the New Jersey Action warrants a transfer to the District of New Jersey is therefore rejected.

No facts are provided to conclude that venue under 18 U.S.C. Section 1965(a) would be proper in the District of New Jersey as to Philips or Mr. Rusckowski. In addition, MedQuist's principal place of business in New Jersey and Plaintiff's December 2003 e-mail do not give rise to any of the claims for purposes of venue under 28 U.S.C. Section 1391(b)(2). Plaintiff's claims arose from Defendants' representations regarding Plaintiff's compensation, the unilateral change in the terms of compensation, and the eventual termination as "rehire ineligible," all of which occurred prior to December 2003, and none of which, based on the record before the court, occurred in New Jersey. Accordingly, venue would not be proper in the District of New Jersey.

To the extent Plaintiff provides relevant facts at all, they show the acts and omissions which gave rise to her claims occurred in Culver City and Monrovia, both of which are located in the Central District of California. 28 U.S.C. § 84(c). Because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California, venue is

proper there under 28 U.S.C. Section 1391(b)(2), and the case could have been brought there for purposes of transfer under 28 U.S.C. Section 1406(a).

Plaintiff argues that transferring the case to the Central District of California would be unconstitutional because its judges are biased against her, as evidenced by a vexatious litigant order issued in that district against her. (Pl.'s Opp'n at 11.) The vexatious litigant order, issued more than ten years ago, applies to Plaintiff's claims against parties other than any named Defendants herein and to matters unrelated to this case. (*See* MedQuist P.&A., Ex. 4 at 67; Evidence in Supp. of Cross-Mot. in Opp'n to MedQuist and CBay 's Mot. to Dismiss, Ex. N.) It therefore does not preclude Plaintiff from litigating her current claims in the Central District of California.

Plaintiff's reliance on *Holt v. Virginia*, 381 U.S. 131 (1965), is unavailing. In *Holt*, a counsel ("defendant") was charged with contempt of court. He hired counsel, who filed a motion to transfer venue of the contempt charge, alleging that the judge who issued the charge should not preside over the trial of the charge due to bias and because there was local prejudice in the community. When the defendant's counsel read and argued the motion in court, the defendant and his counsel were summarily adjudged to be in contempt of court based on the contents of the motion. The judgment was reversed because the defendant and his counsel were punished solely for exercising the constitutional right of an accused to defend against contempt charges.

*Holt* is not controlling of the venue issues in this case. Plaintiff is not asserting constitutional rights pertaining to a defense against criminal charges. She alleges bias based on the vexatious litigant order which was issued more than ten years ago, pertains to a matter unrelated to this case, and does not preclude her from litigating this case. Therefore, Plaintiff's argument that a transfer to the Central District of California would be unconstitutional is rejected.

Rather than dismissing the case under 28 U.S.C. Section 1406(a), in the interests of justice, this action is **TRANSFERRED** to the United States District Court for the Central District of California.

Based on the foregoing, it is hereby **ORDERED**:

1. The motion to dismiss filed by Defendants MedQuist, Inc. and CBay System Holdings Limited is **GRANTED**. All claims alleged against these Defendants are **DISMISSED** on the grounds of res judicata.

2. The Clerk of Court shall **TRANSFER** this action to the United States District Court for the Central District of California.

3. The motions to dismiss filed by Defendants Stephen H. Rusckowski and Koninklijke Philips Electronics N.V. of the Netherlands are **GRANTED** to the extent the court finds that venue is not properly laid in this district. The motions are **DENIED** in all other respects **WITHOUT PREJUDICE** to raising the remaining grounds for dismissal in the transferee district.

**IT IS SO ORDERED.**

DATED: March 5, 2010

_____
M. James Lorenz
United States District Court Judge